IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2009

## JOSEPH B. THOMPSON v. TONY PARKER, WARDEN
(STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lake County**
**No. 08-CR-9197     R. Lee Moore, Jr., Judge**

---

**No. W2008-02399-CCA-R3-HC  - Filed December 9, 2009**

---

The Petitioner, Joseph B. Thompson, was convicted by a Sullivan County Criminal Court jury of aggravated robbery and aggravated kidnapping, Class B felonies.  He was sentenced as a Range II, multiple offender to twenty years at thirty-five percent for the aggravated robbery conviction and as a Range II, violent offender to twenty years at one hundred percent for the aggravated kidnapping conviction, which were to be served consecutively, for an effective sentence of forty years in the Tennessee Department of Correction.  He filed a pro se petition for habeas corpus relief in the Lake County Circuit Court, which was dismissed.  On appeal, the Petitioner argues that his judgments are void because his sentences exceed the statutory minimum, thereby violating Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  Upon review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and J.C. MCLIN, JJ., joined.

Joseph B. Thompson, Tiptonville, Tennessee Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.**  Following his convictions on October 8, 2001, for aggravated robbery and aggravated kidnapping, the Petitioner filed a notice of appeal.  This court affirmed the trial court's judgments on direct appeal.  See State v. Joseph B. Thompson, No. E2002-00061-CCA-R3-CD, 2003 WL 1202979, at *1 (Tenn. Crim. App., at Knoxville, Mar. 17, 2003), perm. to appeal denied (Tenn. June 30, 2003).

The Petitioner then filed a petition for post-conviction relief.  See Joseph B. Thompson v. State, No. E2004-00920-CCA-R3-PC, 2005 WL 2546913, at *1 (Tenn. Crim. App., at Knoxville,

Oct. 12, 2005), perm. to appeal denied, (Tenn. Jan. 30, 2006).  The post-conviction court dismissed the petition, and this court affirmed the dismissal on appeal.  Id. at *32.

Subsequently, the Petitioner filed a pro se petition for habeas corpus relief.  See Joseph B. Thompson v. Tony Parker, Warden, No. W2005-01463-CCA-R3-HC, 2005 WL 3533321, at *1 (Tenn. Crim. App., at Jackson, Dec. 22, 2005).  The Petitioner argued in his petition and on appeal that his judgments were void because his sentences were enhanced in violation of his right to a jury trial under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  The habeas corpus court dismissed the petition, and this court affirmed the dismissal.  Id. at *2.

On September 26, 2008, the Petitioner filed a second pro se petition for habeas corpus relief alleging the same ground for relief as in his first petition for writ of habeas corpus.  By written order on October 10, 2008, the Lake County Circuit Court dismissed the petition, stating:

> [The Petitioner] again claims that his sentencing violated his Sixth Amendment rights under the cases of Apprendi v. New Jersey, 120 S. Ct. 2348, 530 U.S. 466 and Blakely v. Washington, 124 S. Ct. 2531, 2004.  The Court of Criminal Appeals has previously and consistently held that even if petitioner claims that a sentence was enhanced in violation of his right to a jury trial was true, such defect would render the judgment voidable and not void.  Wayford Demonbruen, Jr. [v.] State, M2004-03037-CCA-R3-8C, 2005 W.L. 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005); Stanley Harbell v. Glen Turner, W2004-02643-CCA-R3-8C, 2005 W.L. 354106 (Tenn. Crim. App. at Nashville, February 15, 2005).  A defect which renders a judgment merely voidable is not subject to collateral attack by way of habeas corpus petition.  In addition, our Tennessee Supreme Court has determined that the Blakely case did not announce a new rule of law or impact the validity of our statutory sentencing structure.  See Gomez, 163 S.W.3d at 658-62.  Moreover, our Supreme Court held that Blakely issues are not subject to retroactive application.  Accordingly, the petitioner has failed to state a cognizable claim for habeas corpus relief.  The petition is denied.

The Petitioner filed a timely notice of appeal.

**ANALYSIS**

The Petitioner argues that his sentences for aggravated robbery and aggravated kidnapping are void because they exceed the statutory minimum, thereby violating Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  In response, the State contends that the Petitioner's claim is inappropriate for habeas corpus relief.  The State also argues that the Petitioner's sentence has not expired and the alleged Blakely violations do not make the Petitioner's judgments void.  Finally, the State asserts that the Petitioner's claims were previously determined by this court in his first petition for habeas corpus relief.  We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903

(Tenn. 2000)). In determining whether to grant habeas corpus relief, our review is de novo without a presumption of correctness given to the lower court's findings. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. §§ 29-21-101 to 29-21-130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, "a voidable judgment 'is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity.'" Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (citing State v. Ritchie, 20 S.W.3d 624, 630-31 (Tenn. 2000)); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." Ritchie, 20 S.W.3d at 633. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), perm. to appeal denied (Tenn. Nov. 28, 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner's argument that the trial court illegally enhanced his sentences in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), does not entitle him to habeas corpus relief. The United States Supreme Court held in Blakely that other than a prior conviction, any fact used to enhance a sentence must be proven to a jury beyond a reasonable doubt. Blakely, 542 U.S. at 301, 124 S. Ct. at 2536. A trial court's facially valid judgment cannot be collaterally attacked in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. Instead, a Petitioner must challenge a facially valid judgment on constitutional grounds in a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996) (citing Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)), perm. to appeal denied (Tenn. April 7, 1997); see also Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993). Even if

the Petitioner were able to prove his constitutional violations pursuant to Blakely, this would render his judgments voidable rather than void.  Kelley v. Lindamood, No. M2008-02738- CCA-R3-HC, 2009 WL 2870176, at *2 (Tenn. Crim. App., at Nashville, Sept. 4, 2009) ("We also note that the decisions of Blakely and Cunningham relate to constitutional violations which, even if proven true, would merely render the judgment voidable and not void.") (citing Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005- 00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), perm. to appeal denied (Tenn. Apr. 7, 2008); Timothy R. Bowles v. State, No. M2006-01685-CCA- R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App., at Nashville, May 1, 2007); Donovan Davis v. State, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093, at *1 (Tenn. Crim. App., at Nashville, Aug.15, 2007), perm. to appeal denied (Tenn. Nov. 13, 2007)).

Moreover, this Court has repeatedly held that Blakely does not apply retroactively to cases on collateral appeal.  See Timothy R. Bowles, 2007 WL 1266594, at *2-3; Billy Merle Meeks, 2007 WL 4116486, at *7; James R.W. Reynolds v. State, No. M2004-02254-CCA-R3-HC, 2005 WL 736715, at *2 (Tenn. Crim. App., at Nashville, Mar. 31, 2005), perm. to appeal denied (Tenn. Oct. 10, 2005).

Finally, the Petitioner's claims were previously determined by this court.  The Tennessee Supreme Court has held that pursuant to the law of the case doctrine an appellate court may not consider issues that have been previously determined on appeal:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); see also Creech v. Addington, 281 S.W.3d 363, 383 (Tenn. 2009).  Here, the Petitioner filed his first petition for habeas corpus relief in 2005.  See Joseph B. Thompson, 2005 WL 3533321.  In the first petition, as in this case, the Petitioner claimed that he was entitled to habeas corpus relief because his sentences had been enhanced in violation of his right to a jury trial pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Id. at *1. The habeas corpus court dismissed the petition, and this court affirmed the dismissal on the grounds that even if the Petitioner's claims regarding the Blakely violations were true, the judgments would be voidable and not void and that Blakely does not apply retroactively to cases on collateral appeal. Id. at *2.  Because this court previously determined the issues in the instant appeal in Petitioner's first petition for habeas corpus relief, we conclude that the Lake County Circuit Court did not err in dismissing this petition.

The Petitioner has not established that his judgments are void or that his sentence has expired.  Accordingly, the court's dismissal of the petition for habeas corpus relief was proper.

## CONCLUSION

The habeas corpus court's dismissal of the petition for writ of habeas corpus is affirmed.

_____

CAMILLE R. McMULLEN,
JUDGE